**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PV,<br>*Plaintiff*,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security;<br>U.S. DEPARTMENT OF HOMELAND SECURITY; and<br>TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,<br>*Defendants*. | Case No. 1:25-cv-344<br><br>**COMPLAINT** |

**INTRODUCTION**

     1.     Plaintiff PV is an international student from India, living in Buffalo, who has had F-1 student visa status in the US since 2016.[1] He has never violated any US immigration law, and until last week was working as a post-doctorate associate at University of Buffalo SUNY. This work is pursuant to his F-1 student status and employment authorization known as OPT, or Optional Practical Training, granted to foreign students who have successfully graduated from their course of study. The focus of Plaintiff's work has been the specialized field of using electrical engineering principes to prevent or treat infections caused by medical device implants and prosthetics.

     2.     Plaintiff is one of almost fifteen hundred F-1 students nationwide who have had their F-1 status abruptly and unlawfully terminated by U.S. Immigration and Customs Enforcement ("ICE") within the last two weeks. This termination has effectively deprived them

---

[1] PV is not Plaintiff's true name; Plaintiff will be filing a motion for leave to proceed under a pseudonym once this case is filed, in order to protect her identity as non-citizen.

1

of their ability to maintain F-1 status in the United States, terminating their employment authorization, and subjecting them to removal proceedings, detention and possible deportation. Almost all of the termination notices in these cases cite to unspecified "criminal records check" as the basis for termination, yet almost none of these students have disqualifying criminal records.[2]  However, Plaintiff has not been provided with any reason for the termination of his status.

3.    Plaintiff does have two US arrests and convictions, from 2017 and 2018, for DUI-related offenses.  These convictions were fully disclosed to US consular officials when Plaintiff applied to renew his visa in 2019, and after an interview, his visa was re-issued. Without minimizing or trivializing these convictions, and assuming they are the basis for the termination of Plaintiff's status, they do not provide a basis for termination of Plaintiff's student status, and they do not make him deportable or inadmissible.

4.    As a result of this termination, of which he was provided no prior notice or opportunity to contest it, PV's employment authorization is terminated.  Thus, he can no longer pursue his work, and may lose his eligibility for long-term employment in his field of research.

5.    Plaintiff now brings this action under the Fifth Amendment to the U.S. Constitution as well as the Administrative Procedure Act ("APA") to challenge ICE's unlawful termination of his student status.

**JURISDICTION AND VENUE**

6.    This Court has jurisdiction over the present action based on 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346(b) (federal defendant), and the Administrative Procedures

---

[2] See, e.g., https://www.reuters.com/world/us/foreign-students-us-mount-court-challenges-trump-ends-their-legal-status-2025-04-16/ (last visited on April 16, 2025); https://www.insidehighered.com/news/global/international-students-us/2025/04/07/where-students-have-had-their-visas-revoked (last visited on April 17, 2025).

Act (APA) at 5 U.S.C. § 702 (right of review).

7.  Defendants have waived their sovereign immunity for suits seeking relief against constitutional and statutory violations. 5 U.S.C. § 702.

8.  Venue is pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are employees or officers of the United States, acting in their official capacity; and because Plaintiff resides in the Jersey City, New Jersey, which is located within the District of New Jersey, and there is no real property involved in this action.

**PARTIES**

9.  Plaintiff PV is a native and citizen of the Republic of India who currently resides in Williamsville NY.   He has been in the US on an F-1 student visa since 2016.

10. Defendant Department of Homeland Security (DHS) is an agency of the US government responsible for administration and enforcement of the nations' immigration laws, including the termination of Plaintiff's status complained of herein.

11. Defendant Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"), and she is sued in her official capacity.

12. Defendant Todd Lyons is the Acting Director of the Immigration and Customs Enforcement ("ICE"), a component of DHS, which is responsible for the purported termination of Plaintiff's status complained of herein.   Defendant Lyons is sued in his official capacity.

**RELEVANT LAW**

13. US immigration law allows certain non-citizens to enter the US and attend specific government-approved colleges and universities on F-1 student visas. The statutory authorization for student visas is at 8 U.S.C. § 1101(a)(15)(F) and the regulations are at 8 C.F.R. § 214.2(f).  In order to be eligible for an F-1 visa, the prospective student must first be

accepted into an approved school.  This acceptance is evidenced by a Form I-120, which the school issues to the student.

14. Once accepted, if the prospective student is outside the US, they apply for a student visa at a US consulate abroad, by filing a Form DS-160 with the Department of State's Consular Electronic Application Center (CEAC), paying an application fee, and attending an in-person interview.  If approved, an F-1 visa is issued by the U.S. Department of State, and the person presents themselves for admission at a US port of entry.  They can then remain in the U.S. for the duration of their status, even past the expiration date of their visa, provided they continue to maintain status by, inter alia, maintaining a full course load at school and refraining from any unauthorized employment.

15. F-1 students may be eligible for employment authorization under certain specified circumstances.  As relevant to this lawsuit, F-1 students are eligible for one year of employment authorization in their field of study at the conclusion of their degree course.  This is known as OPT, for Optional Practical Training.  C.F.R. § 214.2(f)(10)(ii)(A)(3)  For students in a STEM (Science, Technology, Engineering, and Mathematics) discipline, students may be eligible for an additional two years OPT (known as STEM OPT), for a total of three years, after the conclusion of their degree course.  C.F.R. § 214.2(f)(10)(ii)(C)

16. DHS created the Student Exchange Visitor Program (SEVP) in 2003, to maintain and collect data regarding nonimmigrant students, as well as to provide approval and oversight to schools authorized to enroll foreign students.  Any college or university which wants to enroll foreign students must first obtain approval from SEVP by filing an application for School Certification via SEVIS, a "web-based system" which collects current information for all nonimmigrant students in the U.S., facilitates applications for F and M visas, and monitors

students and educational institutions in the U.S. *See* 8 C.F.R. § 214.3. According to the Foreign Affairs Manual, at 9 FAM 402.5-4(B), "an [F-1 visa] applicant's SEVIS record is the definitive record of student or exchange visitor status and visa eligibility"

17.  The regulations at 8 C.F.R. §§ 214.1(e)-(g) set forth the specific conduct by a nonimmigrant which will constitute a failure to maintain status, namely: engaging in unauthorized employment, providing false information to DHS, or engaging in criminal activity. A determination that an F-1 student has engaged in any of these specified actions will result in SEVIS termination.

18.  The regulation at 8 C.F.R. § 214.1(g) defines criminal activity which constitutes a failure to maintain status as "conviction . . . for a crime of violence for which a sentence of more than one year imprisonment may be imposed…"

19.  A non-immigrant who has failed to maintain their non-immigrant status is deportable, 8 U.S.C. §§ 1227(a)(1)(B), 1227(a)(1)(C)(i). Immigration Courts, however, have no ability to review a SEVIS termination during removal proceedings.

20.  In the absence of an F-1 student's conduct causing a status violation, ICE can only terminate SEVIS records under three circumstances: (1) a previously-granted waiver under 8 U.S.C. § 1182(d)(3) or (4) is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) DHS publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination. 8 C.F.R. § 214.1(d).

21.  There is no administrative appeal from a decision to terminate F-1 status. The termination of a SEVIS record thus constitutes final agency action for purposes of APA review.

**STATEMENT OF FACTS**

22.  Plaintiff PV is a thirty-one year old native and citizen of India, who came to the

U.S. in 2016 on an F-1 visa to pursue a M.Sc. in chemical engineering at SUNY Buffalo. He already had a bachelor's degree in chemical engineering from a university in India. He graduated in 2018 with an M.Sc., and then enrolled in a Ph.D. program with the same university, majoring in electrochemistry. The focus of his thesis was the use of cathodic voltage to stimulate electrochemical changes around implant or prosthetic devices, in order to prevent and treat bacterial biofilm infections, and thus avoid the need for a revision surgery. He graduated with a Ph.D. in 2024, and was then granted post-completion OPT, which expires in August 2025, with an option to extend as a "STEM" OPT for another two years.

23.    Plaintiff returned to India five times since his initial entry, and in 2019 and 2024 he applied for and was issued a new F-1 visa by the US consulate in India. He last entered the US in January 2025, on his F-1 visa.

24.    In November 2017, Plaintiff was charged in NY State with a number of offenses under the NY Vehicle and Traffic Law, including driving under the influence of alcohol. In January 2018 he pleaded guilty to driving while ability impaired, a violation of New York Vehicle and Traffic Law § 1192.1 (which is classified as a traffic infraction and not a crime) and paid a fine.[3] Later than same year, he was charged in Delaware County, Pennsylvania, with similar crimes and in September 2018, pleaded guilty in the Court of Common Pleas of Delaware County to General Impairment, a violation of § 3802(a)(1) of Title 75, the Pennsylvania Motor Vehicle Code, spent 48 hours in the county jail and completed a safe driving course.[4] Other than a speeding ticket in 2024, Plaintiff has had no other contact with the

---

[3] VTL § 1192.1 provides that "Driving while ability impaired. No person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol."
[4] § 3802(a)(1) provides that "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle."

police and has no other criminal history, in the US or elsewhere.

25. When Plaintiff was re-applying for his F-1 visa in India in 2019 and 2024, he fully disclosed the above two convictions for driving while impaired. In 2019, he was interviewed by consular officials about the incident, underwent screening by a consular-designated physician to determine if he suffered from any type of alcohol-related disorder, and on each occasion his visa was re-issued.

26. On April 8, 2025, Plaintiff received an email from the University of Buffalo informing him that "that the Department of Homeland Security (DHS) terminated your SEVIS record on 4/8/2025. Your F-1 status in the U.S. is no longer valid." The email stated that the University "[doesn't] have specific details about why this occurred", but that "Since your F-1 status has ended, your Post-Completion OPT work authorization has ended. You must stop working and notify your employer about this immigration status update."

27. In the last two weeks, DHS has similarly revoked the status of almost fifteen hundred foreign F-1 students in the US (the number rises daily), without any notice directly to the student. Instead, the student receives a notification from the school that the student's SEVIS status has been terminated because of a criminal history check or a visa revocation. In most of these cases, the criminal history check reveals that charges were dismissed, or, as in this case, are not a basis for a status violation, which under 8 C.F.R. § 214.1(g) would require a conviction for a crime of violence carrying a sentence of one year or more. These terminations are not made after any individualized determination of whether or not a student has violated any immigration laws or otherwise warrants termination. Instead, any student who shows up in a criminal records search is being terminated, regardless of whether or not there is any legal basis for the termination.

28. This termination has put Plaintiff's education, research, and career trajectory at risk. He is no longer authorized to work, and so may lose his job, not just for the duration of his current OPT, which will expire in August 2025, but also his additional two years of STEM OPT.

29. This employment is Plaintiff's sole source of income, and without it he may be forced to leave the US and abandon the career he has spent 9 years pursuing.

30. This termination of his F-1 status also puts Plaintiff at risk of immediate detention and deportation proceedings.

## CLAIMS FOR RELIEF

**COUNT 1:    VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSITUTION**

31. The foregoing allegations are realleged and incorporated herein.

32. Defendants terminated Plaintiff's F-1 student status under the SEVIS system without (i) notifying him about this termination decision, (ii) telling him why he was terminated; (iii) providing him with an individualized hearing before an impartial adjudicator, and (iv) providing him with adverse evidence and an opportunity to confront and respond to such evidence.

33. The registration in SEVIS of a non-citizen who is in lawful F-1 status, and who complies with the regulatory requirements of that status, is governed by regulations which impose mandatory constraints on agency action. Because SEVIS registration is necessary in order to maintain valid F-1 status, and Plaintiff's ability to continue his OPT requires that he be in valid F-1 status, Plaintiff has a constitutionally-protected property interest in his SEVIS registration.

34. Procedural due process imposes constraints on the government before it acts in a way that deprives individuals of constitutionally-protected property interests. Those constraints require, at a minimum, notice and a meaningful opportunity to be heard.

35. Defendants terminated Plaintiff's SEVIS record and his F-1 status and employment authorization on wholly baseless and improper grounds, without prior notice or explanation and without providing him any advance notice or an opportunity to respond.

36. Defendants' actions thus violated Plaintiff's rights to procedural due process as protected by the Fifth Amendment to the US Constitution.

**COUNT 2:    VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT – AGENCY ACTION WHICH IS CONTRARY TO CONSITUTIONAL RIGHT AND NOT IN ACCORDANCE WITH LAW**

37. The foregoing allegations are realleged and incorporated herein.

38. Section 706 of the APA, 5 U.S.C. §§ 706(2)(A), (C)-(D), authorizes a court to set aside agency action that is "not in accordance with law; . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; . . . [or] without observance of procedure required by law."

39. Defendants notified the University of Buffalo that they had terminated Plaintiff's SEVIS records on April 8, 2025, but did not give any reason, not have they provided Plaintiff with any reason.

40. Plaintiff has a right to know the reason his status was terminated, and Defendants' failure to provide him one violates his right to procedural due process.  As a result, Defendants' actions are contrary to constitutional right and are made without observance of the procedure required by law.  Defendants' actions thus violate the APA at 5 U.S.C. § 706(2)(B) and (D).

**COUNT 3:    VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT – AGENCY ACTION WHICH IS NOT IN ACCORDANCE WITH LAW**

41. The foregoing allegations are realleged and incorporated herein.

42. Assuming that the sole basis for the termination was a criminal history check or a visa revocation (as that is the reason given to almost all of the F-1 students who have been similarly terminated), neither of these provide a basis for termination of Plaintiff's status.

43. Termination of non-immigrant status, including F-1 status, for criminal activity requires a conviction for a crime of violence for which a sentence of more than one year imprisonment may be imposed. 8 C.F.R. § 214.1(g), and Plaintiff has not committed any such crime.

44. Visa revocation itself is not a basis for termination of non-immigrant status (see 8 C.F.R. §§ 214.1(d)-(g), listing the specific circumstances which will constitute a status violation).

45. Even if visa revocation were a basis for termination of Plaintiff's status, there is no basis for revocation of Plaintiff's visa. The Foreign Affairs Manual (FAM), which governs the actions of consular officers in connection with visas, provides for visa revocation for a DUI-related conviction, but only if the conviction occurred within the previous five years, and specifically prohibits revocation of a visa if "the arrest has already been addressed within the context of a visa application", 9 FAM 403.11-5(B)(c). Plaintiff's DUI-related arrests were in 2017 and 2018, seven years ago, and they were fully disclosed to the US consular officer when Plaintiff applied for a new F-1 visa in 2019.

46. Therefore, Defendants' termination of Plaintiffs' SEVIS records is not in accordance with law, exceeds statutory authority, and is without observance of procedure required by law, all of which violate the APA at 5 U.S.C. § 706(2)(A), (C) and (D).

**COUNT 4:   VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT – ARBITRARY AND CAPRICIOUS AGENCY ACTION**

47. The foregoing allegations are realleged and incorporated herein.

48. Section 706 of the APA 5 U.S.C. § 706(2)(A) authorizes a reviewing court to set aside final agency action which is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

49. Defendants have not cited any facts which formed a basis for their decision to terminate Plaintiff's SEVIS status and thus his F-1 status and his OPT. Defendants have not even communicated directly to Plaintiff that his status has been terminated.

50. Defendants' action are therefore arbitrary and capricious and violates the APA at 5 U.S.C. § 706(2)(A).

## **PRAYER FOR RELIEF**

Plaintiff asks that this Court grant the following relief:

A. Assume jurisdiction over this matter;

B. Declare that Defendants' termination of Plaintiff's F-1 student status violated his Fifth Amendment right to due process and the Administrative Procedures Act;

C. Direct Defendants to reinstate Plaintiff in SEVIS and to reinstate his F-1 status and employment authorization effective April 8, 2025;

D. Issue an injunction requiring Defendants to provide an individualized hearing before an impartial adjudicator for Plaintiff in which he will be entitled to review any adverse evidence and respond to such evidence prior to any termination of his SEVIS record and F-1 student status;

E. Enjoin Defendants from detaining Plaintiff during the pendency of the instant case;

F. Award Plaintiff attorney's fees and costs; and

G. Order any further relief this Court deems just and proper.

Dated: New York, New York,
April 16, 2025


_/s__ Paul O'Dwyer
Paul O'Dwyer
Attorney for Petitioner
Law Office of Paul O'Dwyer PC
11 Broadway, Suite 715
New York NY 10004
(646) 230-7444
paul.odwyer@paulodwyerlaw.com