PAUL O'DWYER
ATTORNEY-AT-LAW

LAW OFFICE OF PAUL O'DWYER, P.C.
11 BROADWAY, SUITE 715
NEW YORK, NY 10004

PHONE: 646-230-7444
FAX: 646-230-7381
PAUL.ODWYER@PAULODWYERLAW.COM

The Honorable Meredith A. Vacca
United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614                              April 25, 2025

Re: P.V. v. Noem et al., 25-cv-00344-MAV

Dear Judge Vacca:

I am counsel for Plaintiff in the above matter, and I write pursuant to the Court's instruction during oral argument this morning that I further brief the Court by the end of the day with authority on two specific points. First, that termination of a F-1 student's SEVIS record is equivalent to termination of F-1 status. Second, that a school cannot continue to employ on OPT an F-1 student whose SEVIS registration has been terminated.

Since then, as counsel for Defendants, Mr. Khalil, has informed the Court, "[t]he SEVIS records for plaintiffs in this case (and other similarly situated plaintiffs) will remain active or shall be re-activated if not currently active and ICE will not modify the record solely based on the NCIC finding that resulted in the recent SEVIS record termination." (ECF 13). However, Plaintiff's SEVIS has not yet been reinstated, although both Mr. Khalil and I are hopeful that the reinstatement will happen by early next week, if not during the weekend.

Given this development, the request for a TRO seeking reinstatement of SEVIS and F-1 status should hopefully be unnecessary. Accordingly, and in order to not consume further judicial resources addressing issues which will likely be moot within a few days, I respectfully request that I be allowed to defer the additional briefing, and if reinstatement does not occur as expected, to be allowed submit it then.

In the meantime, even though he is willing to defer a ruling on reinstatement until Defendants act as they have said they will, Plaintiff continues to be at risk of arrest and detention. As stated in the moving papers for the TRO (see ECF 6-2, ¶ 4), and as he has stated to me again this afternoon, Plaintiff has been and continues to be fearful of even leaving his apartment while his status remains unresolved. Plaintiff therefore requests that the Court grant that part of the Order to Show Cause (see ECF 6) restraining Defendants from arresting, detaining, or transferring Plaintiff out of this Court's jurisdiction, pending further ruling on the TRO itself. I believe this

minimal intervention strikes a balance between protecting Plaintiff's rights while not requiring the Court to issue a ruling on any contested matters which likely will be unnecessary.

Sincerely yours,

_____
Paul O'Dwyer

cc.     AUSA Adam Khalil, via ECF